

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Claude Isbell
Secretary of State
Austin, Texas

Attention: Honorable Horace B. Sessions
Securities Commissioner

Dear Sir:

Opinion No. 0-6457
Re: Whether the subscription to
capital stock of the Wood Lake
Water Corporation come within
the purview of the Texas Secur-
ity Act.

Your letter of March 1, 1945, requesting the opinion
of this department on the question stated therein is as fol-
lows:

"The Charter Division recently received a
proposed charter for filing and approval, accom-
panied by an affidavit showing the stock to have
been subscribed by some thirty (30) persons. The
matter was referred to the Securities Division of
this office, and the organizers of the proposed
corporation were advised through their attorney
that unless a specific exemption under Section 3
or 23 of the Texas Securities Act was available,
compliance with the registration provisions of
the Act would be necessary.

"The attorney contends that, since this is
a community enterprise in which the subscribers
voluntarily participated in subscribing for stock,
the Texas Securities Act would have no applica-
tion.

"Since to our knowledge this matter has not
been the subject of Attorney General's opinion,
and we have no Texas cases bearing on the subject,

we shall appreciate your favoring us with an opinion on the question raised by the attorney for the incorporators.

"We attach hereto a copy of the proposed charter and affidavit, together with our complete correspondence file for your information in giving the matter consideration. We shall appreciate the return of this material."

The purpose clause of the Wood Lake Water Corporation as stated in the Articles of Incorporation is:

"The purpose for which the corporation is organized is to supply water to the public in the Wood Lake Community in Trinity County, Texas."

The amount of the stock is Three Thousand Dollars ($3,000.00) divided into sixty (60) shares at Fifty Dollars ($50.00) each, all of which capital stock has been in good faith subscribed and the sum of Two Thousand Two Hundred Dollars ($2,200.00) paid in as per affidavit accompanying the charter. The amount paid in by the subscribers was paid by the sale, transfer and conveyance to the corporation of the property which was purchased from an agency of the United States government described in the affidavit accompanying the Articles of Incorporation. Generally speaking the charter of a private corporation cannot be filed unless the full amount of its authorized capital stock has been in good faith subscribed and fifty per cent (50%) thereof paid in cash, or its equivalent in other property or labor done. (Article 1308, Vernon's Annotated Civil Statutes). This provision re-refers in terms to the aggregate amount of capital stock. So long as the consideration received from some stockholders amounts to fifty per cent (50%) of the total amount of the capital stock, this prerequisite of incorporation is complied with. (Stringfellow v. Panhandle Packing Company, 213 S. W. 250.)

Subsections (a), (b) and (c) of Section 2, Article 600a, Vernon's Annotated Civil Statutes are as follows:

"(a) The term 'security' or 'securities' shall include any share, stock, treasury stock, stock certificate under a voting trust agreement, collateral trust certificate, equipment trust

Honorable Claude Isbell, page 3

certificate, preorganization certificate or receipt,
subscription or reorganization certificate, note,
bond, debenture, mortgage certificate or other evi-
dence of indebtedness, any form of commercial paper,
certificate in or under a profit sharing or parti-
cipation agreement, certificate or any instrument
representing any interest in or under an oil, gas
or mining lease, fee or title, or any certificate
or instrument representing or secured by an inter-
est in any or all of the capital, property, assets,
profits or earnings of any company, investment con-
tract, or any other instrument commonly known as a
security, whether similar to those herein referred
to or not.

"(b)  The term 'company' shall include a cor-
poration, a person, joint stock company, partner-
ship, association, company, syndicate trust, in-
corporated or unincorporated, heretofore or hereafter
formed under the laws of this or any other State,
country, sovereignty or political subdivision there-
of.  As used herein, the term 'trust' shall be deemed
to include a common law trust, but shall not include
a trust created or appointed under or by virtue of
a last will and testament or by a court of law and
equity.

"(c)  The term 'dealer' shall include every
person or company, other than a salesman, who en-
gages in this State, either for all or part of his
or its time, directly or through an agent, in selling,
offering for sale or delivery or soliciting subscrip-
tions to, or orders for, or undertaking to dispose
of, or to invite offers for, or dealing in any other
manner in any security or securities within this
State.  Any issuer other than a registered dealer,
of a security or securities who, directly or through
any person or company, other than a registered dealer,
offers for sale, sells or makes sales of its own
security or securities shall be deemed a dealer and
shall be required to comply with the provisions
hereof; provided, however, this section or provisions
shall not apply to such issuer if such security or
securities are offered for sale or sold either to a

onorable Claude Isbell, page 4

registered dealer or only by or through a regis-
tered dealer acting as fiscal agent for the
issuer; and provided further, this Section or pro-
vision shall not apply to such issuer if the trans-
action is within the exemptions contained in the
provisions of Section 3 of this Act."

Section 3 of Article 600a, Vernon's Annotated Civil
Statutes enumerates certain exempt transactions, and sub-
section (1) of said Section is as follows:

"(1)  Subscriptions to capital stock neces-
sary to qualify for incorporation when subscribed
by not more than fifteen (15) incorporators in a
proposed Texas corporation."

Under the definition of the term "security" or "securi-
ties" there is no question but the stock referred to is sub-
ject to the provisions of the Securities Act, unless exempt
therefrom by some provision of the Act.  The Texas Security
Act requires the registration of all securities sold in Texas
unless such securities come within a specific exemption from
registration under Sections 3 and 23, and the Act also pro-
vides that persons making any offering and sale of securities
be licensed as security dealers unless the securities are sold
in exempt transactions listed under the exemptions provided
under said sections above mentioned.

It will be noted that under Subsection (1), Section 3,
supra, subscriptions to capital stock necessary to qualify
for incorporation when subscribed by not more than fifteen
(15) incorporators in a proposed Texas corporation are exempt
from the provisions of the Securities Act. It has long been
the departmental construction of the Secretary of State that
if there were more than fifteen (15) subscribers to capital
stock of a proposed Texas corporation the provisions of the
Securities Act would be applicable, unless exempt by some
provisions of the statute. The subscribers to capital stock
are not necessarily the incorporators. The incorporators are
the persons obtaining the charter. See 2 Words and Phrases,
1st Series, 1623. (Holliday v. Persons et al, 116 S. W. 907.)

It is stated in Hildebrand's Texas Corporations, Volume
1, page 447:

"The Texas statutes do not differentiate be-
tween 'stockholders' and 'subscribers' to the stock
of the corporation. For instance in Vernon's Anno-
tated Civil Statutes, Article 1308, it is provided
that before the charter can be filed by the Secre-
tary of State, the full amount of its capital stock
must be subscribed by its stockholders. In Article

Honorable Claude Isbell, page 5

1313 it is the stockholders that furnish evidence to the Secretary of State that the law has been complied with. According to Article 1326 the by-laws may be altered, changed or amended by a majority vote of the stockholders. Article 1328 provides that the books and records of the corporation shall be open to inspection of any stockholder. Article 1336 authorizes the forfeiture of the stock if any stockholder neglects to pay any installment as required by the Board of Directors, and Article 1345 authorizes an execution against any of the stockholders to an extent equal to the amount of the stock unpaid. On the other hand, Article 1335 provides that the Board of Directors may require 'the subscribers' to the capital stock to pay the amount subscribed as is provided in the by-laws. In other words, in most instances, a party who has subscribed for stock in a corporation on credit is designated as a stockholder even though he has not fully paid for his stock. Therefore, the statutes do not furnish a solution or much assistance in deciding the above problems. . ."

Subsection (e) of Section 2 of Article 600a, Vernon's Annotated Civil Statutes is as follows:

"The terms 'sale,' or 'offer for sale' or 'sell' shall include every disposition, or attempt to dispose of a security for value. The term 'sale' means and includes contracts and agreements whereby securities are sold, traded or exchanged for money, property or other thing of value, or any transfer or agreement to transfer, in trust or otherwise. Any security given or delivered with or as a bonus on account of, any purchase of securities or other thing of value, shall be conclusively presumed to constitute a part of the subject of such purchase and to have been sold for value. The term 'sell' means any act by which a sale is made, and the term 'sale' or 'offer for sale' shall include a subscription, an option for sale, a solicitation of sale, an attempt to sell, or an offer to sell, directly or by an agent or salesman, by a circular, letter or advertisement or otherwise, including the deposit in a United States Post

office or mail box or in any manner in the United
States mails within this State of a letter, circular
or other advertising matter; provided, however, that
nothing herein shall limit or diminish the full
meaning of the terms 'sale,' 'sell' or 'offer for
sale' as used by or accepted in courts of law or
equity. Provided, further, that the sale of a
security under conditions which entitle the pur-
chaser or subsequent holder to exchange the same
for, or to purchase some other security shall not
be deemed a sale or offer for sale of such other
security; but no exchange for or sale of such
other security shall ever be made unless and until
the sale thereof shall have been first authorized
in Texas under this Act, if not exempt hereunder,
or by other provisions of law."

Section 5 of Article 600a is in part as follows:

"No dealer, agent or salesman shall sell or
offer for sale any securities issued after the
passage of this Act, except those which come within
the classes enumerated in Subdivisions (a) to (q),
both inclusive, of Section 3 of this Act, or Sub-
divisions (a) to (i), both inclusive of Section 23
of this Act, until the issuer of such securities
shall have been granted a permit by the Secretary
of State, and no such permit shall be granted by
the Secretary of State until the issuer of such
securities shall have filed with the Secretary of
State a sworn statement verified under the oath
of an executive officer of the issuer and attested
by the secretary thereof, setting forth the follow-
ing information: . . ."

The Articles of Incorporation of the Wood Lake Water
Corporation disclose that there are three incorporators who have
subscribed for a certain number of shares of stock and that there
are a number of other persons who have subscribed for certain num-
bers of shares of stock and that such subscriptions which have
been paid, as hereinabove stated, were paid in by the transfer
of certain property to the corporation. Generally speaking
stockholders are members of a corporation; however, they are not
necessarily the incorporators. After carefully considering your
question, we place the same construction on Subsection (1), Sec-
tion 3 of Article 600a, Vernon's Annotated Civil Statutes as the

Honorable Claude Isbell, page 7

Secretary of State, that is, if there are more than fifteen (15) subscribers to the capital stock, then the provisions of the Security Act are applicable. As there are more than fifteen (15) subscribers to the capital stock of the proposed corporation in question it is our opinion that the provisions of the Security Act are applicable and that the exemptions set forth in the Security Act are not available to the proposed corporation. Stated differently it will be necessary for one of the incorporators or sponsors acting for the incorporators to apply for and obtain a dealer's permit in order that the securities may be sold in compliance with the Texas Security Act. It is contended by the attorney for the incorporators that there has been no sale or will be no sale of stock. In view of the definition of the term "sale" contained in the Securities Act, we cannot agree with the contention of the attorney for the incorporators because the owners of certain property are transferring said property to the corporation for a certain number of shares of stock, the number of shares of stock to be received by each subscriber will be determined by the value of the property of each individual transferred to the corporation for said stock. We believe that such a transaction clearly comes within the definition of the term "sale" and, as heretofore stated, none of the exemptions contained in the Securities Act are applicable to the proposed corporation under the facts presented.

We are returning herewith the file accompanying your request.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:LJ
encls.



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN